UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAKOTA SHANANAQUET,

        Petitioner,

                                          Case No. 16-cv-13357

v.

                                          HON. MARK A. GOLDSMITH

ANTHONY STEWART,

        Respondent.
_____/

**OPINION AND ORDER
GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF
HABEAS CORPUS IN ABEYANCE (Dkt. 5) AND ADMINISTRATIVELY CLOSING
THE CASE**

      Petitioner Dakota Lynn Shananaquet, confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1), challenging her convictions for three counts of perjury, Mich. Comp. Laws § 750.422(b); possession of a financial transaction device, Mich. Comp. Laws § 750.157p; larceny from a motor vehicle, Mich. Comp. Laws § 750.356a(1); false report of a felony, Mich. Comp. Laws § 750.411a(1)(b); and being a fourth habitual offender, Mich. Comp. Laws § 769.12. Petitioner has filed a motion hold the petition in abeyance to permit her to return to the state courts to present additional claims that have not been exhausted with the state courts and that are not included in her current habeas petition (Dkt. 5). For the reasons stated below, the Court grants the motion and holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to return to the state courts to exhaust her additional claims.

# I. BACKGROUND

Petitioner was convicted following a jury trial in the Emmet County Circuit Court. Petitioner's conviction was affirmed on appeal. People v. Shananaquet, No. 318251 (Mich. Ct. App. Mar. 17, 2015), leave denied 869 N.W. 2d 599 (Mich. 2015). On September 8, 2016, Petitioner filed a petition for writ of habeas corpus.[1] Petitioner seeks habeas relief on the claims that she raised in the state courts on her direct appeal. Petitioner has now filed a motion to stay the proceedings and hold the petition in abeyance so that she can return to the state courts and exhaust additional claims that are not included in her current petition.

# II. ANALYSIS

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 77-79 (1st Cir. 2002) (holding that district courts should "take seriously any request for a stay"); Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000); see also Bowling v. Haeberline, 246 F. App'x 303, 306 (6th Cir. 2007) (a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served" (quoting Nowaczyk, 299 F. 3d at 83)); Thomas v. Stoddard, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Indeed, although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. Nowaczyk, 299 F. 3d at 82; see also Bowling, 246 F.

---

[1] Under the prison mailbox rule, the Court assumes that Petitioner filed her habeas petition on September 8, 2016, the date that it was signed and dated. See Towns v. United States, 190 F. 3d 468, 469 (6th Cir. 1999).

App'x at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants Petitioner's motion to hold the petition in abeyance while she returns to the state courts to exhaust her new claims. In making this determination, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, [she] would have to clear the high hurdle of filing a second habeas petition." Thomas, 89 F. Supp. 3d at 942 (citing 28 U.S.C. § 2244(b)(2)). Moreover, "if this Court were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." Id.

Other considerations support the granting of a stay. The Court is currently not in a position to determine whether Petitioner's new claims have any merit; thus, the Court cannot say that Petitioner's claims are "plainly meritless." Id. at 943. Nor, on the other hand, can the Court at this time say that Petitioner's new claims plainly warrant habeas relief. Id. If the state courts deny post-conviction relief, this Court would still benefit from the state courts' adjudication of these claims in determining whether to permit Petitioner to amend her petition to add these claims. Id. Finally, the Court sees no prejudice to Respondent in staying this case, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [Petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements," should she seek habeas relief on her new claims. Id.

3

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." Rhines v. Weber, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, the Court imposes time limits within which Petitioner must proceed with her state court post-conviction proceedings. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner initiating her state post-conviction remedies within ninety (90) days of receiving this Court's order and returning to federal court within ninety (90) days of completing the exhaustion of state court post-conviction remedies. Hargrove, 300 F.3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Emmet County Circuit Court under Mich. Ct. R. 6.502. See Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009). A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. Mich. Ct. R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302; Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of her post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that she would raise in her post-conviction motion. See, e.g., Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  CONCLUSION

Accordingly, the Court grants Petitioner's motion to stay and hold her habeas petition in abeyance (Dkt. 5).  Petitioner must file a motion for relief from judgment in state court within ninety (90) days of entry of this order and then immediately file a notice with this Court that includes proof of the state-court filing and a copy of the filing itself.  If she fails to timely notify the Court that she sought state-court post-conviction relief, the Court will proceed to adjudicate the petition as it stands. Within ninety (90) days after the conclusion of the state-court post-conviction proceedings, Petitioner may move to amend her habeas petition to add her new claims.  Otherwise, Petitioner must inform the Court that she will proceed with the petition as is.

To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only. Nothing in this order shall be considered a disposition of Petitioner's petition.  Thomas v. Stoddard, 89 F. Supp. 3d at 943-944.

SO ORDERED.


Dated:  January 12, 2017                         s/Mark A. Goldsmith
         Detroit, Michigan                       MARK A. GOLDSMITH
                                                 United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 12, 2017.

                                                 s/Karri Sandusky
                                                 Case Manager